JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey  07960-6834
(973) 538-6890

ATTORNEYS FOR DEFENDANT IPC INTERNATIONAL CORPORATION

<div align="center">

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

</div>

| | | |
|---|---|---|
| MICHELLE MOODY and,<br>PRISCILLA NOEL | : | |
| | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. |
| | : | |
| v. | : | **NOTICE OF COMPLIANCE** |
| | : | **WITH 28 U.S.C. § 1446(d)** |
| IPC INTERNATIONAL CORPORATION<br>a/k/a IPC CORPORATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

TO:    Clerk of the Court                  Samuel A. Dion, Esq.
          United States District Court     Dion & Goldberger, Attorneys at Law
          Mitchell H. Cohen Federal Building  1616 Walnut Street, Suite 2316
          1 John F. Gerry Plaza         Philadelphia, PA  19103
          P.O. Box 2797
          Camden, NJ  08101

Pursuant to the requirements of 28 U.S.C. §1446(d), on November 6, 2007, a Notice

of Filing of Petition for Removal, a true copy of which is attached hereto as Exhibit 1, will be filed

with the Clerk of the Superior Court of the State of New Jersey for Atlantic County.

                                    Respectfully submitted,
                                      JACKSON LEWIS LLP
                                      220 Headquarters Plaza
                                      East Tower, 7th Floor
                                      Morristown, New Jersey  07960-6834
                                      973-538-6890

Dated:  November 6, 2007                      By:  /s/  John F. Tratnyek
                                      John F. Tratnyek
                                      Justin B. Cutlip

                                ATTORNEYS FOR DEFENDANT

# EXHIBIT 1

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890

ATTORNEYS FOR DEFENDANT IPC INTERNATIONAL CORPORATION

| | | |
|---|---|---|
| MICHELLE MOODY and<br>PRISCILLA NOEL, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: ATLANTIC COUNTY |
| | : | DOCKET NO. ATL-L-3066-07 |
| Plaintiffs, | : | |
| | : | Civil Action |
| v. | : | |
| | : | **NOTICE OF FILING OF** |
| IPC INTERNATIONAL CORPORATION<br>a/k/a IPC CORPORATION, | : | **PETITION FOR REMOVAL** |
| | : | |
| | : | |
| Defendant. | : | |

TO:  Clerk, Superior Court of New Jersey      Samuel A. Dion, Esq.
       Atlantic County Civil Court House          Dion & Goldberger, Attorneys at Law
       1201 Bacharach Boulevard, First Floor    1616 Walnut Street, Suite 2316
       Atlantic City, NJ 08401                        Philadelphia, PA 19103


        **PLEASE TAKE NOTICE** that Defendant IPC International forwarded for filing

its Notice and Petition for Removal of this action to the United States District Court for the

District of New Jersey on the 6th day of November, 2007. A copy of the notice and petition filed

with the United States District Court is submitted herewith as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that Defendant hereby filed a copy of its

notice and petition with the Superior Court of New Jersey, Atlantic County, Law Division, in

accordance with 28 U.S.C. § 1446.

<div style="margin-left: 50%;">

Respectfully submitted,
JACKSON LEWIS LLP
Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey  07960-6834
973-538-6890

</div>

DATED:  November 6, 2007                    By: _____
                                                John F. Tratnyek
                                                Justin B. Cutlip

                                            ATTORNEYS FOR DEFENDANT

77777 pleading001-nof.doc

2

# EXHIBIT A

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey  07960-6834
(973) 538-6890

ATTORNEYS FOR DEFENDANT IPC INTERNATIONAL CORPORATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE MOODY and,<br>PRISCILLA NOEL<br><br>            Plaintiffs,<br><br>    v.<br><br>IPC INTERNATIONAL CORPORATION<br>a/k/a IPC CORPORATION,<br><br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

Civil Action No.

**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, ATLANTIC COUNTY, LAW DIVISION**

TO:    Clerk of the Court                     Samuel A. Dion, Esq.
       United States District Court           Dion & Goldberger, Attorneys at Law
       Mitchell H. Cohen Federal Building      1616 Walnut Street, Suite 2316
       1 John F. Gerry Plaza                   Philadelphia, PA  19103
       P.O. Box 2797
       Camden, NJ  08101

            Defendant, IPC International Corporation ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and/or 1446, respectfully submits this Notice and Petition for Removal of Case from the Superior Court of New Jersey, Law Division, Atlantic County, bearing Atlantic County Docket No. L-3066-07, and as grounds for this removal alleges as follows:

            1.    On or about September 25, 2007, Plaintiffs Michelle Moody and Priscilla Noel ("Plaintiffs") filed a civil action in the Superior Court of New Jersey, Law Division, Atlantic County, bearing Docket No. L-3066-07 entitled <u>Michelle Moody and Priscilla Noel v. IPC</u>

International Corporation a/k/a IPC Corporation. (A true copy of the Summons and Complaint are annexed hereto as Exhibit A.) This document constitutes all pleadings, process and other documents served upon Defendant in this action. This document was the initial pleading served upon Defendant setting forth the claims upon which Plaintiffs' action is based. Although the caption states Camden County, Plaintiffs' counsel advised suit was filed in Atlantic County.

2.    Defendant was served with the summons and complaint in this matter on October 8, 2007. This service was Defendant's first notice of the lawsuit. Therefore, the notice and petition are timely filed within the provisions of 28 U.S.C. § 1446.

3.    Defendant has effected removal within thirty (30) days of receipt by Plaintiffs of a paper from which it could first be ascertained that this action is removable and as such, this notice and petition is timely filed within the provisions of 28 U.S.C. § 1446.

4.    Defendant has not filed an answer or other pleading in the Superior Court of New Jersey.

5.    This action is being removed to this Court on the grounds that it involves a controversy between citizens of different states:

a.    Plaintiffs are citizens and residents of the State of New Jersey.

b.    Defendant has been and is, both upon the filing of the subject Complaint on September 25, 2007 and the filing of this removal petition, a Illinois limited liability company duly created and organized under the laws of the State of Illinois, with its principal place of business in Bannockburn, Illinois.

6.    The amount in controversy, upon information and belief, is an amount exceeding seventy-five thousand dollars ($75,000.00), inclusive of Plaintiffs' demand for

2

compensatory damages, punitive damages, costs of court, civil fines and attorney's fees. (See November 2, 2007 correspondence attached hereto as Exhibit B.)

7. Because there is complete diversity between the parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), this action is one in which the district courts of the United States are given original jurisdiction pursuant to 28 U.S.C. § 1332(a), and is therefore removable pursuant to 28 U.S.C. § 1441(b).

8. Venue is proper in this Court.

9. Pursuant to 28 U.S.C. § 1446(d), Defendant has given a written notice of the removal of this action to all adverse parties. On November 6, 2007, a notice of petition for removal is being filed with the Clerk of the Superior Court of New Jersey for the County of Atlantic.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Atlantic County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,
JACKSON LEWIS LLP
Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
973-538-6890

DATED: November 6, 2007

By: /s/ John F. Tratnyek
John F. Tratnyek
Justin B. Cutlip

ATTORNEYS FOR DEFENDANT

77777 pleading001 - nor.doc

3

# EXHIBIT A

~~~~~~(s): Samuel A. Dion, Esq
Office Address & Tel. No.: Dion & Goldberger, 1616 Walnut St., Ste. 2316, Phila., PA 19103
Attorney(s) for Plaintiff(s)    Michelle Moody and Priscilla Noel

MICHELLE MOODY and PRISCILLA
NOEL
_____
        Plaintiff(s)

vs.

IPC INTERNATIONAL CORPORATION
a/k/a IPC CORPORATION
_____
        Defendant(s)

SUPERIOR COURT OF NEW JERSEY
ATLANTIC    COUNTY
LAW              DIVISION

Docket No.  L - 3066 - 07

CIVIL ACTION

SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Theodore J. Fetter*
Theodore J. Fetter
Acting Clerk of the Superior Court

DATED:  9/24/07

Name of Defendant to Be Served: IPC International Corp.

Address of Defendant to Be Served: Offices of IPC International Corporation a/k/a IPC Corporation, 1 Atlantic Ocean, Atlantic City, NJ 08401

Revised 09/2006, CN 10792-English

page 1 of 6

DION & GOLDBERGER, ATTORNEYS AT LAW
BY: Samuel A. Dion, Esquire
1616 Walnut Street, Suite 2316
Philadelphia, Pa 19103
(800) 346-5726

ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| MICHELLE MOODY and PRISCILLA NOEL | : | SUPERIOR COURT OF NEW JERSEY- CAMDEN COUNTY LAW DIVISION |
| VS. | : | |
| IPC INTERNATIONAL CORPORATION a/k/a IPC CORPORATION | : | NO. L-3066-07 |

## AMENDED COMPLAINT

1. Plaintiff, Michelle Moody (hereinafter "Moody"), is an adult woman who resides at 611 North Virginia Avenue, Atlantic City, NJ 08401.

2. Plaintiff, Priscilla Noel (hereinafter "Noel"), is an adult woman who resides at 25 South Kentucky Avenue, Apt. B-2, Atlantic City, NJ 08401.

3. Defendant, IPC International Corporation a/k/a IPC Corporation, is a corporation with a place of business located in Atlantic County, New Jersey at 1 Atlantic Ocean, Atlantic City, NJ 08401. Defendant is in the on-site security business.

On about May 30, 2006, plaintiff Noel was hired by defendant to work as a Security Guard. At all times material hereto plaintiff Noel was assigned to work at the Pier Shops at Caesars, 1 Atlantic Ocean, Atlantic City, NJ 08401.

5. On about May 2, 2007, plaintiff Moody was hired by defendant to work as a Security Guard. At all times material hereto plaintiff was assigned to work at the Pier Shops at Caesars, 1 Atlantic Ocean, Atlantic City, NJ 08401.

6. At all times material hereto, the performance of both plaintiffs was satisfactory.

7. At all times material hereto, the supervisors of both plaintiffs included defendant's Assistant Directors, Anthony Merrill (Male) and Angela Tardy (Female), and defendant's Director, Mike Lawson (Male).

8. At or about 12:45 A.M. on the early morning of Thursday, August 9, 2007, plaintiff's Male co-worker Sean Baker, who was off duty at the time, came to the security office door and knocked. Plaintiffs could see Mr. Baker on a closed-circuit camera and could hear him speak through the door. He appeared intoxicated and had 2 friends with him who also appeared

door."  Plaintiffs refused to open the door because Mr. Baker
appeared intoxicated and because they could not accommodate his
request to get into a secured area.  At some point during the
conversation, Mr. Baker started to unzip the fly on his pants and
attempted to pull his penis out while plaintiffs watched on the
closed-circuit camera.  Mr. Baker's friends stopped him just
before he exposed his genitals to the plaintiffs.

9.  Ms. Noel immediately called Mr. Lawson but he did not
answer the phone.  There were no supervisors on duty at the time.
Ms. Noel then prepared to call the police, but in the interim a
fellow officer, Howard Jones, intervened and convinced Mr. Baker
to leave the area.

10.  Mr. Merrill arrived at the work site at about 5:00 A.M.
that same morning and Ms. Noel reported the incident to him upon
his arrival.  Mr. Merrill indicated that he would report the
matter to Mr. Lawson.

11.  At about 6:00 PM that same day, Ms. Noel spoke to Ms.
Tardy and Mr. Lawson and informed them told them what happened
earlier that morning.

and two Assistant Directors of the defendant, Mr. Baker was permitted to report to work at 8:00 P.M. that same day only a little more than 7 hours after he drunkenly attempted to expose himself to the plaintiffs, and despite that the incident was reported to the Director and his two Assistant Directors.

13. Plaintiff Noel arrived at work at 11:00 P.M. that same evening and was shocked and upset to see that Mr. Baker was permitted to come to work and she immediately complained about this to Ms. Tardy. Despite her complaints, defendant's agents permitted Mr. Baker to continue working with plaintiff Noel. Plaintiff Noel was required to work with Mr. Baker on both Friday, August 10, 2007 and Saturday, August 11, 2007.

14. On or about Sunday morning, August 12, 2007, plaintiffs approached Mr. Lawson after a staff meeting, and asked why there was no response to plaintiff Noel's good faith complaint of sexual harassment. Plaintiffs also reminded Mr. Lawson that Mr. Baker tried to expose himself to them and plaintiff Noel told Mr. Lawson that she felt slighted because she had to work with Mr. Baker. Mr. Lawson responded that he had reviewed the videotape from the closed-circuit camera and confirmed that Mr. Baker had attempted to expose himself but that he decided not take any

an extra "body" to work during the upcoming Atlantic City Air Show. Plaintiffs responded that they could not believe what Mr. Lawson was saying and they reminded him of the zero tolerance policy which he went over at the staff meeting that morning. Mr. Lawson said he was aware of the policy and indicated that he had forwarded everything to "corporate" and they would take care of the matter.

15. Neither of the plaintiffs were ever contacted by the defendant's corporate office at any time about Mr. Baker's behavior.

16. Later that day on August 12, 2007, Plaintiff Moody complained to Ms. Tardy that both plaintiffs were upset about the way Mr. Lawson was handling the matter. Ms. Tardy responded that she could not believe that Mr. Lawson needed bodies to work and said she would call corporate to see what could be done.

17. Plaintiffs heard nothing further until Monday, August 20, 2007, when Mr. Lawson informed plaintiff Moody that she was being terminated purportedly for not making it through her 90 day probationary period. When plaintiff Moody responded that her probationary period ended on August 2, 2007, Mr. Lawson responded

with a new reason for termination: that "per corporate, we are
letting you go due to the harassment case."

18. That same day, August 20, 2007, Mr. Lawson called
plaintiff Noel at her home at 2:47 P.M. and informed her that her
employment was terminated due to the harassment incident.  He
further claimed that the defendant decided to fire all three
employees (including the plaintiffs and Mr. Baker) because of
their conduct during and after the incident.

19. The reasons given by the defendants for terminating the
plaintiffs' employment are false and pretext to mask unlawful
discrimination and retaliation.

20. Plaintiff Noel called defendant's corporate offices to
inquire further regarding the reason for her termination, and was
told that she had been fired for poor performance because she
purportedly failed to contact the supervisor on duty about the
incident with Mr. Baker.

21. The true reason why defendant terminated the
plaintiff's was because they complained about and opposed what
they believed in reasonable good faith to have been an incident
of sexual harassment.

22. Defendant and its agents acted at all times material hereto with their authority to hire, fire and discipline.

23. Defendant and its agents undertook a course of conduct toward plaintiffs and terminated them in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. (hereinafter "LAD") which prohibits retaliation in response to good faith complaints of sexual harassment.

24. Defendant's agents acted against plaintiffs in a bigoted, willful and malicious manner.

25. Plaintiffs were subjected to humiliation, embarrassment, and mental anguish as a consequence of their termination from employment and the retaliation they endured.

26. Plaintiffs also sustained financial damages as a result of the unlawful conduct of defendant.

COUNT 1— MOODY

27. Plaintiffs repeat paragraphs 1-26 as if more fully set forth herein.

28. By and through its conduct, Defendant violated the New
Jersey LAD by intentionally discriminating against plaintiff
Moody by terminating her employment in retaliation for her having
complained about and opposed discrimination.

WHEREFORE, Plaintiff Moody demands judgment on Count 1
against defendant and damages in an amount to be determined by a
jury for pain and suffering, emotional distress, mental anguish,
harm to reputation, lost income, punitive damages, costs,
reasonable attorney's fees, the amount of taxes due on any award,
and such other relief as the Court deems just and fair.

COUNT 2

29. Plaintiffs repeat paragraphs 1-28 as if more fully set
forth herein.

30. By and through its conduct, Defendant violated the New
Jersey LAD by intentionally discriminating against plaintiff Noel
by terminating her employment in retaliation for her having
complained about and opposed discrimination.

WHEREFORE, Plaintiff Noel demands judgment on Count 2
against defendant and damages in an amount to be determined by a

jury for pain and suffering, emotional distress, mental anguish, harm to reputation, lost income, punitive damages, costs, reasonable attorney's fees, the amount of taxes due on any award, and such other relief as the Court deems just and fair.

Date:        September 19, 2007
                       24

                                RESPECTFULLY SUBMITTED,

                                Dion & Goldberger

                                /s/ Samuel A. Dion

                                By:_____
                                    Samuel A. Dion, Esq.
                                    1616 Walnut Street
                                    Suite 2316
                                    Philadelphia, PA 19102
                                    (215) 546-6033
                                    Attorneys for Plaintiffs

It is hereby certified that Samuel A. Dion, Esq., as attorney for plaintiffs, is designated trial counsel on behalf of the law firm of Dion & Goldberger, Attorneys at Law.

DION & GOLDBERGER

Samuel A. Dion, Esquire
1616 Walnut Street, Ste. 2316
Philadelphia, PA 19103
(215) 546-6033
Counsel for Plaintiffs

Date: September 24, 2007

# EXHIBIT B

# jackson lewis

**JOHN F. TRATNYEK**  Attorneys at Law
Direct Dial: 973-451-6328
Email Address: tratnyej@jacksonlewis.com

Representing Management Exclusively in Workplace Law and Related Litigation

220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
Tel 973 538-6890
Fax 973 540-9015
www.jacksonlewis.com

**Richard W. Schey - Managing Partner**

| | | |
|---|---|---|
| BOSTON, MA | MIAMI, FL | RALEIGH-DURHAM, NC |
| CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| DALLAS, TX | NEW YORK, NY | SAN FRANCISCO, CA |
| DENVER, CO | ORANGE COUNTY, CA | SEATTLE, WA |
| GREENVILLE, SC | ORLANDO, FL | STAMFORD, CT |
| HARTFORD, CT | PITTSBURGH, PA | WASHINGTON, DC REGION |
| HOUSTON, TX | PORTLAND, OR | WHITE PLAINS, NY |
| LONG ISLAND, NY | | |

November 2, 2007

## VIA FACSIMILE & REGULAR MAIL

Samuel A. Dion, Esq.
Dion & Goldberger, Attorneys at Law
s1616 Walnut Street, Suite 2316
Philadelphia, PA  19103

> Re:    Moody and Noel v. IPC International
>        Docket No. CAM-L-3066-07

Dear Mr. Dion:

Confirming my voice mail message, we represent IPC International Corporation in the above matter. Defendant IPC International Corporation is an Illinois corporation with a principal place of business in Bannockburn, Illinois. We will remove this matter to federal court, assuming the amount in controversy is greater than $75,000. Please advise by Monday if Plaintiffs are seeking damages in excess of $75,000.

If I do not hear from you by Monday, we will assume Plaintiff's are seeking damages in excess of $75,000 and we shall remove this matter to federal court.

Very truly yours,

JACKSON LEWIS LLP

John F. Tratnyek

JFT:mcd

```
***********************
***    TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO              3040
CONNECTION TEL        #99905##12155466269#
SUBADDRESS
CONNECTION ID
ST. TIME              11/02 15:30
USAGE T               00'53
PGS. SENT             2
RESULT                OK
```

# jackson lewis

Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

**Jackson Lewis LLP**
220 Headquarters Plaza
East Tower, 7ᵗʰ Floor
Morristown, NJ  07960
Tel  973 538-6890
Fax  973 540-9015
www.jacksonlewis.com
Richard W. Schoy -
Managing Partner

ATLANTA, GA
BOSTON, MA
CHICAGO, IL
DALLAS, TX
GREENVILLE, SC
HARTFORD, CT
LONG ISLAND, NY

LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORLANDO, FL
PITTSBURGH, PA

SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC
WHITE PLAINS, NY

# FAX

**To:**               Samuel A. Dion
**Company:**          Dion & Goldberger, Attorneys at Law
**Fax:**              215-546-6033 6269            **Tel #:**    800-346-6726
**From:**             John F. Tratnyek
**Sender:**           Mary C. Delclos
**Subject:**          Moody and Noel v. IPC International Corporation
**Date:**             November 2, 2007
**Client/Matter #:**  77777
**Pages:**            2 , including this cover sheet
**Original:**         __X__  Will Follow          _____  Will Not Follow

**MESSAGE:**